UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KYLE LEE and CAROL LEE,

    Plaintiffs,

v.                                    Case No.:  2:24-cv-216-SPC-NPM

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

    Defendant.

**OPINION AND ORDER**

    Before the Court is Defendant Wright National Flood Insurance Company's Motion for Summary Judgment. (Doc. 30). Plaintiffs Kyle and Carol Lee filed a response in opposition (Doc. 34), and Defendant replied (Doc. 35). For the following reasons, the Court grants Defendant's motion for summary judgment.

**Background**

    This breach of insurance contract action arises from flood damage Plaintiffs' property sustained during Hurricane Ian. The facts are largely undisputed. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiffs a Standard Flood Insurance Policy ("SFIP") effective during the time of loss with a $250,000 policy limit. After Hurricane Ian flooded their property on

September 28, 2022, Plaintiffs reported the loss to Defendant.[1] Defendant acknowledged the flood claim and assigned an independent adjuster.

The adjuster inspected Plaintiffs' property on October 16, 2022. He initially determined Plaintiffs were entitled to $42,007.43. Upon receiving addition information, the adjuster estimated Plaintiffs' covered loss totaled $46,544.48 and prepared a proof of loss reflecting as such. (Doc. 30-5). Defendant accepted the adjuster's report and issued payment in the full amount recommended. But Plaintiffs wanted more. So on January 30, 2024, Plaintiffs sent Defendant a proof of loss asserting additional damages totaling $112,780. (Doc. 30-6). Defendant, however, determined this proof of loss was untimely because Plaintiffs submitted it more than one year after the date of loss—September 28, 2022.[2] So it denied any additional payment.

As always, there is more to the story. On October 18, 2022 (a few weeks after Hurricane Ian), Plaintiffs' counsel sent Defendant a letter of representation. (Doc. 34 at 51). In it, he requested all documentation

---

[1] Plaintiffs' policy was initially issued by Universal Property and Casualty Insurance Company ("UPC"). Plaintiffs filed their claim with UPC, and UPC issued the initial payment. In 2023, Defendant assumed the policy and Plaintiffs' claim. For clarity, the Court will reference the policy as if Defendant issued it.

[2] The subject claim is governed by FEMA Bulletin W-22012, which authorized NFIP insurers to evaluate and pay claims based on an unsigned adjuster's report rather than a proof of loss. However, when a policyholder disputes the amount in the adjuster's report—*i.e.*, the policyholder believes it is entitled to additional coverage—the policyholder must submit a proof of loss. *See* FEMA Bulletin W-22012 (Oct. 6, 2022). The Bulletin extended the time to file a proof of loss from 60 days to 365 days after the loss. (*Id.*).

2

regarding Plaintiffs' claim, including any coverage determination letters, and asked that Defendant "immediately advise in writing if there are any post-loss obligations or conditions still required to be met pursuant to the Policy." (*Id.*). He added that if he did not hear back, he would "assume that [Plaintiffs] [have] satisfied any and all such obligations and conditions under the Policy." (*Id.*). On January 4, 2023—shortly after Defendant issued the $46,544.48 payment—Plaintiffs began providing supplemental information related to newly discovered property damages. (Doc. 34 at 27–49). Defendant never responded to these inquiries.

In July 2023, Plaintiffs again requested that Defendant reconsider the claim and issue additional payments. Around this same time, Defendant internally noted that Plaintiffs' counsel's letter of representation was deficient and instructed the assigned handling adjuster to cease communications with Plaintiffs' counsel until the issue was rectified. (Doc. 34 at 53). Then, in September 2023, Plaintiffs' counsel requested the initial payment letter. (Doc. 34 at 57). Rather than provide it, Defendant responded advising of the letter-of-representation deficiency. (Doc. 34 at 56). Ultimately, Defendant never informed Plaintiffs that a proof of loss remained outstanding, despite Plaintiffs' efforts to obtain this information.

Moving for summary judgment, Defendant argues that Plaintiff is barred from receiving additional policy benefits because it failed to timely

3

submit a proof of loss. (Doc. 30). In response, Plaintiffs do not dispute their proof of loss was untimely but argue Defendant should be estopped from raising the proof-of-loss defense and that Defendant constructively waived the proof-of-loss requirement. (Doc. 34).

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show a lack of genuinely disputed material fact. *Clark v. Coats & Clark,* 929 F.2d 604, 608 (11th Cir. 1991). If carried, the burden shifts to the nonmoving party to point out a genuine dispute. *Id.* At this stage, a court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341–42 (11th Cir. 2002).

## Discussion

Defendant seeks summary judgment on Plaintiffs' breach of contract claim because they failed to timely provide a proof of loss. "Satisfaction of the

proof of loss requirement is a condition precedent to recovery under a SFIP, which must be strictly construed." *Greer v. Owners Ins.*, 434 F. Supp. 2d 1267, 1276 (N.D. Fla. 2006) (citations omitted). Indeed, courts routinely grant summary judgment for an insurer when the policyholder failed to comply with the proof-of-loss requirement. *See, e.g.*, *Blocdahl Leasing, LLC v. Am. Strategic Ins.*, No. 2:23-CV-776-SPC-KCD, 2024 WL 5202783, at *3 (M.D. Fla. Dec. 23, 2024) (granting the insurer summary judgment in flood-insurance dispute because the plaintiff failed to submit a signed proof of loss for additional coverage within one year of the loss).

Plaintiffs do not assert that they timely filed the proof of loss. Instead, they argue Defendant constructively waived the proof-of-loss requirement or should be estopped from asserting this defense. (Doc. 34). This is the sole issue before the Court.

Plaintiffs contend Defendant is equitably estopped from raising a proof-of-loss defense because its affirmative conduct misled Plaintiffs into believing they had satisfied all policy conditions. In support, they claim Defendant ignored their correspondences indicating they sought additional coverage, Defendant ignored their inquiry as to whether any post-loss conditions were outstanding, Defendant instructed the handling adjuster to cease communications with Plaintiffs' counsel, and Defendant failed to notify them of FEMA Bulletin W-22012 or provide them with a copy of such Bulletin.

5

Plaintiffs also believe this conduct amounts to a constructive waiver of the proof-of-loss requirement. (Doc. 34 at 7–8).

Plaintiffs' equitable estoppel theory is not novel. The Eleventh Circuit has rejected similar arguments on multiple occasions. *See Shuford v. Fid. Nat. Prop. & Cas. Ins.*, 508 F.3d 1337, 1343 (11th Cir. 2007); *Sanz v. U.S. Sec. Ins.*, 328 F.3d 1314, 1320 (11th Cir. 2003). In *Sanz*, the plaintiff argued the insurer should be equitably estopped from raising a proof-of-loss requirement defense because the insurer failed to inform him of the requirement and had assured him that all necessary forms had been submitted. *Sanz*, 328 F.3d at 1320. Citing Supreme Court precedent, the *Sanz* court questioned whether equitable estoppel is available against the government[3] but ultimately concluded that even if estoppel is available, "it is warranted only if affirmative and egregious misconduct by the government exists." *Id.* (citations omitted). The court held that the insurer's conduct did not rise to this level and rejected the plaintiff's estoppel argument. *Id.*

*Shuford* reinforces *Sanz*. In *Shuford*, the plaintiff argued that the insurer should be estopped from raising the proof-of-loss requirement as a defense because the insurer sent the plaintiff a letter erroneously stating the

---

[3] Although Defendant is a private insurer, because it is participating in the NFIP, any coverage funds are paid out of the United States Treasury. Thus, Defendant acts as a fiscal agent of the United States. *See Shuford*, 508 F.3d at 1343 (questioning whether equitable estoppel applied against a private NFIP insurer because it "was acting as a fiscal agent of the United States").

6

60-day proof-of-loss requirement applied. *Shuford*, 508 F.3d at 1342. But the Eleventh Circuit held that the insurer's erroneous assertion did not constitute "affirmative and egregious misconduct" and rejected the estoppel argument. *Id.* at 1343; *see also Zumpano v. Am. Bankers Ins. of Fla.*, No. 4:18-CV-10085-JLK, 2019 WL 4749970, at *1 (S.D. Fla. July 18, 2019) (rejecting the plaintiffs' estoppel argument based on the flood insurer's failure to disclose that the plaintiffs needed to submit a proof of loss within one year of Hurricane Irma if they felt they were owed more under the policy); *cf. Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 434 (1990) ("[T]his Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds.").

These cases foreclose Plaintiffs' estoppel argument. Plaintiffs essentially argue that Defendant's failure to advise them of the need to file a proof of loss amounts to affirmative and egregious misconduct. Both *Sanz* and *Zumpano* rejected this argument. Indeed, if an insurer providing the insured with erroneous assertions does not amount to "affirmative and egregious misconduct," as in *Sanz* and *Shuford*, Defendant's silence certainly does not. So Plaintiffs' estoppel argument falls flat.[4]

---

[4] Plaintiffs rely on *Quesada v. Director, Federal Emergency Management Agency*, 577 F. Supp. 695 (S.D. Fla. 1983), which found constructive waiver and estoppel overcame the proof-of-loss requirement. But *Quesada* was implicitly rejected by *Sanz* and *Shuford*. *See Zumpano*, 2019 WL 4749970, at *3 n.3 (rejecting the plaintiffs' reliance on *Quesada*). So *Quesada* is unpersuasive.

7

Plaintiffs' constructive waiver argument fares no better. Although a flood insurer can waive the proof-of-loss requirement, "to be effective, the waiver must be made by the Federal Insurance Administrator in writing." *Slater v. Hartford Ins. of Midwest*, 26 F. Supp. 3d 1239, 1249 (M.D. Fla. 2014); 44 C.F.R. Pt. 61, App. A(1), art. VII.D; 44 C.F.R. § 61.13(d). Plaintiffs do not argue that FEMA expressly waived the proof-of-loss requirement. So their waiver argument is easily rejected. *See Shuford*, 508 F.3d at 1343 (rejecting the plaintiff's constructive waiver argument because federal flood insurance policies require strict compliance and the plaintiff failed to show an express written waiver of the proof-of-loss requirement); *Sanz*, 328 F.3d at 1319 (same).

Because Plaintiffs do not dispute that they failed to timely file a proof of loss, and their estoppel and waiver arguments fail, the Court grants judgment in Defendant's favor.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiff, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record